WILLIAM BRADSHAW

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield October 30, 1894.*

1. EVIDENCE—*as to previous associations of an abducted female.* It is not error to permit a father to testify that, his abducted daughter was a church member, attended Sunday school, and was received in society before her abduction, as tending to show her chastity.

2. SAME—*declarations of abducted female not competent.* Declarations made by a female as to why she left home, are hearsay evidence, and incompetent.

3. CRIMINAL LAW—*chastity of abducted female presumed.* The law presumes, subject to rebuttal by evidence, that the previous life and character of an abducted female were chaste; and this presumption is not one of fact, but of law.

4. SAME—*what are "chaste life and conversation."* The words "chaste life and conversation," used in the statute on abduction, mean the same as a "chaste life and previous character," and an instruction which uses the latter phrase is not erroneous.

5. ABDUCTION—*presumption of chastity overcomes that of defendant's innocence.* The burden of proof is on the defendant in a prosecution for abduction to overcome the presumption of the female's chastity, notwithstanding the general presumption of his innocence.

6. INSTRUCTIONS—*presumption of chastity has probative force.* An instruction that the presumption of the chastity of an abducted female is "only a bare presumption, and does not continue after the production of any competent evidence to the contrary," is properly refused, as ignoring the probative force of such presumption.

7. TRIAL—*remarks of counsel—whether a violation of statute.* A remark by the prosecutor to the jury that "the enticing and taking away of the prosecuting witness is not denied by the defendant," is not such a reference to the failure of defendant to testify as violates the statute.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. JOHN E. HOGAN, Mr. JAMES L. DRENNAN, and Mr. JOHN G. DRENNAN, for the plaintiff in error:

The evidence must be confined to the point in issue. *Ferris* v. *People,* 129 Ill. 533; 3 Russell on Crimes, (5th ed.) 368; Roscoe on Crim. Evidence, (8th ed.) 92.

Evidence of collateral facts must be excluded. 1 Green-leaf, sec. 52; Wharton on Crim. Evidence, secs. 29, 30.

If a female leaves her home of her own accord, and without any enticement or interference on the part of the prisoner, then the offense (abduction) cannot be committed. *Slocum* v. *People*, 90 Ill. 227.

As to the distinction between the presumptions of law and fact, see 1 Rice on Evidence, 61; *Stover* v. *People*, 56 N. Y. 315.

Presumptions of fact are conclusions drawn from particular circumstances. *Sutphen* v. *Cushman*, 35 Ill. 201.

Presumptions are indulged in to supply the place of facts, and are never allowed against ascertained and established facts. *Lincoln* v. *French*, 105 U. S. (15 Otto,) 617.

Effect of remarks of counsel on failure of defendant to testify: *Austin* v. *People*, 102 Ill. 262 ; *Angelo* v. *People*, 96 id. 209.

Mr. JAMES C. CREIGHTON, State's Attorney, and Mr. J. C. McBRIDE, for the People :

The presumption of law is in favor of the prosecuting witness, and the *onus* is upon the defendant to show otherwise. *Slocum* v. *People*, 90 Ill. 281; 21 Am. & Eng. Ency. of Law, 1047 ; *People* v. *Brewer*, 27 Mich. 134.

It is discretionary with the trial court to open up a cause and permit evidence to be introduced at any stage of the trial, before verdict. 1 Bishop on Crim. Proc. 966.

Remarks of attorney: *Austin* v. *People*, 102 Ill. 262.

Mr. M. T. MOLONEY, Attorney General, Mr. T. J. SCOFIELD, and Mr. M. L. NEWELL, also for the People :

The defendant cannot make out his defense by the admissions of the witness, even if such witness is a party who has suffered a private injury by reason of the offense. Such matters are merely extra-judicial statements of third persons. Wharton on Crim. Evidence, (8th ed.) secs. 225, 703 ; *Smith* v. *State*, 9 Ala. 990 ; *State* v. *Davis*, 77 N. C. 483 ; *Greenfield* v. *People*, 85 N. Y. 75.

If the presumptions of chastity and of innocence are conflicting, then the former must prevail, for the law expressly casts upon the defendant, after the abduction is shown, the burden of proving the female not to have been of chaste life and conversation. In some States this burden is put upon the People, but the weight of authority is the other way. *Slocum* v. *People,* 90 Ill. 274; *People* v. *Brewer,* 27 Mich. 134; *Cook* v. *People,* 2 T. & C. 404 ; *Wilson* v. *State,* 73 Ala. 527; *State* v. *Higdon,* 32 Iowa, 262 ; *Wood* v. *State,* 48 Ga. 192.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

At the November term, 1893, of the court below, plaintiff in error was convicted of the crime of enticing and taking one Ada Silvens, an unmarried female of chaste life and conversation, from her parents' house for the purpose of prostitution and concubinage, and sentenced to the penitentiary for a term of five years. To reverse that judgment this writ of error is prosecuted.

Ada Silvens lived with her parents on a farm in Christian county, this State. She was about eighteen years old at the time of the alleged abduction, and unmarried. Plaintiff in error was a married man thirty-five years of age, living with his wife in the same county. In May, 1893, he abandoned his family, and with the girl, Ada, left the State. On June 16, following, he wrote a letter, addressed to her parents, which was offered in evidence by the prosecution, in which he confessed that he had taken their daughter from her home and then had her with him.

The father of the girl was permitted to testify, over the objection of counsel for the defendant, in substance, that prior to her association with defendant she attended Sunday school and church, was a member of the church, associated with the young people of the neighborhood generally, and was received in their society as other young ladies of the community. It is insisted that this testimony

was irrelevant, and therefore incompetent. The purpose of it was to prove the chaste life and conversation of Ada Silvens. It was not necessary for the prosecution, in the first instance, to offer any evidence on that subject. "The presumption of law is, her previous life and conversation were chaste, and the *onus* was upon the defendant to show otherwise." (*Slocum et al.* v. *People,* 90 Ill. 274; *Andre* v. *State,* 5 Iowa, 389; *Sate* v. *Higgins,* 32 id. 264; *People* v. *Brewer,* 27 Mich. 138.) This evidence tended to fortify that presumption. Wharton, treating of the crime of seduction, speaking of chaste character, says : "This is necessary to the prosecution's case, and may be inferred from general evidence offered by the prosecution." (2 Wharton on Crim. Law, 2672; *State* v. *Shean,* 32 Iowa, 88; *People* v. *McArdle,* 5 Park. Crim. 180.) It seems clear that the facts testified to by the father tended to prove a course of life by his daughter from which her chastity might reasonably be inferred. There was no error in admitting the testimony.

It is next objected that the court refused to allow the defendant to prove what the girl had said as to why she went away with him. It is said if she went of her own accord there was no guilt. If by this is meant, if she was not enticed away by the defendant he could not be legally convicted, the statement is certainly true. But the question here is, can that fact be proved by mere hearsay. What she or any one else may have said as to why she left was clearly incompetent.

The sixth instruction given at the request of the prosecution told the jury, "that the presumption of the law is that the life and previous character of the prosecuting witness, Ada Silvens, were chaste, and the *onus* is upon the defendant to produce sufficient evidence to overcome such presumption." It is contended that the use of the words "*and previous character,*" renders this instruction erroneous. An attempt is made to show that by these words the defendant was required to overcome a presump-

tion which the law does not raise, viz., of chaste *previous character*. There is no practical difference in the meaning of the words "a chaste life and conversation," (used in the statute,) and "a chaste life and previous character." The word "conversation," as used in the statute, means, "manner of living," "habits of life," "conduct." If the words "previous character," as used in the instruction, do not mean substantially the same, they are, to our minds, meaningless. They might properly have been omitted from the instruction, but we are unable to discover in what manner the use of them placed any greater burthen upon the defendant than would have been done by the instruction without them.

The further objection that it was error for the court to tell the jury that the presumption of law was that the life of the prosecuting witness was chaste, without making that presumption dependent upon any evidence, is fully met by the *Slocum case, supra.* The general rule in such cases is, that "chaste character will be presumed, and the burthen is on the defendant to impeach it, notwithstanding the presumption of innocence in his favor." (See cases cited in vol. 87 Am. Dec. note on p. 406.) Counsel seem to treat the presumption spoken of in the instruction as one of fact, and they say, "the court has no right to say to the jury what presumption of fact arises." The presumption of chastity which arises in cases of this kind is not one of fact, but a disputable or rebuttable presumption of law. (1 Greenleaf on Evidence, sec. 33.) Judge Cooley said in *People* v. *Brewer, supra,* speaking of an instruction which told the jury that the law presumes a woman to be chaste until the contrary is shown : "We believe this instruction to be correct. The presumption of law should be in accordance with the general fact, and whenever it shall be true of any country that the women, as a general fact, are not chaste, the foundation of civil society will be broken up. Fortunately, in our country, an unchaste female is comparatively a rare exception to the general rule, and

whoever relies upon the existence of the exception in a particular case should be required to prove it." The instruction here objected to required no more of the defendant, and was properly given.

The court refused to instruct the jury, at the defendant's request, that "while it is true that the law presumes that the prosecuting witness, Ada Silvens, was of chaste life and conversation, yet such is only a bare presumption, and cannot be considered in rebuttal to any competent evidence tending to prove she was not. Such presumption does not continue after the production of any competent evidence to the contrary." This ruling is assigned for error. We said in *Graves* v. *Colwell*, 90 Ill. 612 : "Primarily, the rebuttable legal presumption affects only the burden of proof, but if that burden is shifted back upon the party from whom it first lifted it, then the presumption is of value only as it has probative force, except it be that on the entire case the evidence is equally balanced, in which event the arbitrary power of the presumption of law would settle the issue in favor of the proponent of the presumption." Under that rule the request was properly refused. The instruction assumes that any competent evidence, however slight, will overcome a rebuttable presumption of law, and that, without reference to its credibility.

Another ground of reversal urged is, that the defendant was prejudiced before the jury by the misconduct of the State's attorney. We have examined the several grounds upon which this complaint is based, and find no sufficient cause for saying the trial was not fairly conducted on behalf of the People. It seems that the prosecutor, in his opening argument to the jury, used the language, "the enticing and taking away of the prosecuting witness is not denied by the defendant." An objection by counsel for the defendant was sustained, the court saying, in the presence of the jury, that by his plea of not guilty the defendant denied everything. But counsel say this did

not remove the injurious effect of the remark, and they treat it as an allusion to the fact that the defendant had not testified in his own behalf, citing *Austin* v. *People*, 102 Ill. 261, and *Angelo* v. *People*, 96 id. 209. The cases are not in point. In the *Austin case* the attorney said, "the defendant has not testified on this trial,"—a direct and positive violation of the statute. In the *Angelo case* a direct allusion was made to the fact that the defendant "was not placed on the stand as a witness." Here no reference was made to the defendant's not testifying, except that the language used could be so construed, and might have been so understood by the jury. For that reason the court properly withdrew it from their consideration. We do not, however, regard the statement as an indication of misconduct on the part of counsel, or an attempt to evade the statute, to the prejudice of the defendant. Counsel may properly, for the purposes of argument to the jury, state what facts he understands not to be denied, and the remarks here objected to might fairly have been intended to do nothing more.

It is finally objected that the verdict of the jury was not authorized by the evidence. There is, and could be, but one basis for this contention, and that is, that, all the evidence considered, the previous chastity of Ada Silvens was not proved. Every other element of the crime was proved by defendant's own confessions in his letter to the girl's parents. Neither is there in that letter the slightest insinuation against her virtue prior to his association with her.

In support of a motion for continuance, defendant made affidavit that an absent witness would testify that during the years 1890, 1891 and 1892 he had frequently had sexual intercourse with Ada Silvens. To avoid a continuance, the prosecution admitted that the witness would, if present, so testify, and that was all the evidence introduced by the defendant tending to prove unchastity, and it was contradicted by the testimony of the girl. But

her truthfulness is questioned on the ground that she answered questions hesitatingly, evasively, etc. The criticism upon her testimony is justified by the record, but we do not agree with counsel in their contention that therefore the jury should have disbelieved her. The court and jury before whom she testified could best judge whether her hesitancy and seeming reluctance in answering questions came from a disposition to evade the truth, from embarrassment, or a disposition, with or without improper influences, to favor the defendant. They had a right to believe her, rather than the witness who would have sworn to having had intercourse with her.

We find no reversible error in the record. We think plaintiff in error was fairly tried and properly convicted. The judgment of the circuit court will be affirmed.

*Judgment affirmed.*