DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1916.

The People of the State of Illinois, Defendant in Error, v. Daniel Donahoe, Plaintiff in Error.

Gen. No. 21,209.

1. CONSPIRACY, § 53*—*when question of intention and acting without reasonable grounds in prosecuting suit for jury.* The question whether defendant knowingly and corruptly conspired with others to bring a civil suit without reasonable grounds and to prosecute it on false evidence for the purpose of defaming another is for the jury.

2. ATTORNEY AND CLIENT,—*when attorney acting on information from client not immune from criminal prosecution.* The principle that an attorney at law has the right to speak and act on information furnished by his client, and may claim immunity in the exercise of such right, cannot be used as a shield against crime, since such an application or perversion of such right is not required or justified either by the lawyer's professional duty, the protection of the client's rights, or the reason for the privilege.

3. ATTORNEY AND CLIENT,—*when attorney who has wrongfully prosecuted suit not immune from criminal prosecution.* Where an action is brought with unlawful design and with intention if tried to prosecute it by false testimony, knowing that there was no foundation therefor, the mere fact that in bringing the action the functions of an attorney at law were exercised will not protect the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

attorney from the revelation of every word and act in pursuance of the design, especially where the suit is not brought in good faith, the supposed client merely lending the aid of his name and services to press for the benefit of others a false issue in which he had no personal interest and claimed no legal right, the relation of attorney and client not existing in reality in such case.

4. CONSPIRACY, § 49*—*when evidence of declarations or overt acts competent.* In actions for conspiracy, evidence either direct or circumstantial, or declarations or overt acts designed to effect the accomplishment of the conspiracy is competent.

5. CONSPIRACY, § 49*—*what evidence admissible on behalf of State against attorney who wrongfully prosecuted civil suit.* In an indictment against an attorney at law for conspiracy to bring and prosecute a civil suit without reasonable grounds and on false testimony, where there is prima facie proof that defendant took an active part in the conspiracy, the State is not limited to proof that the suit was brought and prosecuted, but may show every step taken in prosecuting such suit as a part of the means employed to consummate the conspiracy.

6. CONSPIRACY, § 49*—*what evidence competent as part of res gestæ.* In an indictment against an attorney at law for conspiracy to bring a civil suit and to prosecute it by false testimony, whatever was said or done to advance the cause to a successful issue is competent as part of the *res gestæ.*

7. CONSPIRACY, § 49*—*when evidence in civil suit admissible in criminal suit to show purpose of defendant in bringing suit.* In an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, evidence for the defense in the civil suit is relevant in the criminal suit to show the purposes actuating defendant in bringing the suit, since conducting a trial to verdict involves not only proof and evidence to support the charge but also resistance to attempts to defeat it, so that such evidence is competent in the criminal trial to characterize such resistance.

8. CONSPIRACY, § 49*—*when any part of trial in civil action admissible in criminal action to show attitude and motives of defendant in bringing suit.* In an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, any part of the trial of the civil suit is competent to characterize defendant's attitude, motives, intent and purpose in relation to the conspiracy, or to the means employed to carry it into effect, the events of the trial being in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Donahoe, 198 Ill. App. 1.

separably connected with the means employed to carry the conspiracy to fruition, and the trial, as an entirety, being such a means.

9. CONSPIRACY, § 49*—*when depositions used in civil trial admissible in criminal trial against attorney for plaintiff in civil trial.* In an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, such suit charging one with having alienated the affections of and with having debauched and carnally known the wife of another, where there is evidence that defendant knew that there was no basis for the charge that such wife's affections had been alienated, depositions read in the civil trial showing that at the time such civil suit was brought such wife and her husband were living together amicably and affectionately are competent in the criminal trial, not as proof of the facts contained in the depositions, but as giving significance to defendant's acts, purposes and motives, the depositions being relevant in the criminal trial by defendant's efforts in the civil trial to induce the jury to disbelieve the depositions, and thus to thwart their effect, in which case it is immaterial that the depositions were introduced against defendant in the criminal trial without opportunity to cross-examine the deponents.

10. CONSPIRACY, § 49*—*when affidavits filed in civil trial admissible in criminal trial against attorney prosecuting civil trial.* In an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute the same on false testimony, affidavits filed in the civil trial in support of a motion to advance for speedy trial, and showing the falsity and unlawful purpose of the action and the reasons for their early exposure and defendant's exoneration, are competent in the criminal trial as giving color and significance to an opposing affidavit instigated by defendant and used in the civil trial to defeat the attempt to show the innocence of defendant therein thereby furthering an object of the conspiracy.

11. CONSPIRACY, § 49*—*when evidence of conversation of plaintiff in civil suit admissible in criminal trial against attorney for plaintiff in civil suit.* On an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it by false testimony, evidence of a conversation with plaintiff in the civil suit after the suit was begun, wherein such plaintiff admitted that the suit was groundless, is made material by evidence that defendant knew that the admission was true, although some parts of the conversation testified to were objectionable as being hearsay, such evidence being competent only as bearing on defendant's efforts to impeach its value in order to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

obtain a favorable verdict and thus accomplish the object of the conspiracy.

12. CONSPIRACY, § 49*—*when verdict in civil suit admissible in criminal action against attorney for plaintiff in civil suit.* On an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, a verdict in the civil suit finding the defendant therein not guilty is material to explain evidence introduced in such suit that immediately after such verdict was rendered defendant advised the flight and concealment of plaintiff in such suit, such fact being inconsistent with the institution or prosecution of such suit in good faith.

13. CONSPIRACY, § 49*—*when every legal incident of trial of civil case admissible in criminal case against attorney for plaintiff in civil case to show motives of attorney.* On an indictment against an attorney at law for conspiracy, where one of the main issues is whether a civil suit was knowingly brought and prosecuted by defendant without reasonable grounds and for unlawful purposes, every legal incident of the trial so set in motion is relevant in the criminal trial as throwing light on defendant's motives for his conduct both before and during such civil trial.

14. CONSPIRACY, § 54*—*when denial of motion to strike statement by one of State's witnesses not reversible error.* On an indictment against an attorney at law for conspiracy to bring a civil suit without grounds and to prosecute it on false testimony, the denial of a motion to strike a statement of one of the State's witnesses that he went to defendant's office "about the time Mr. Hines brought his one hundred thousand dollar suit against" defendant in the civil suit, *held* not reversible error.

15. CRIMINAL LAW, § 236*—*when remarks by State's Attorney not improper.* On an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, the remark of an Assistant State's Attorney in argument that defendant induced some one in the State's Attorney's office to furnish him with a transcript of evidence taken before the grand jury which defendant offered in his own behalf at the trial, *held* not to afford ground for serious misunderstanding by the jury, the objection to the remark being that the fact was misrepresented and not to the comment on the fact.

16. CRIMINAL LAW, § 236*—*when State's Attorney may comment on failure to call stenographer to verify statements in paper.* On an indictment for conspiracy, where defendant offered in evidence a statement taken down by a stenographer and sworn to, it is proper for the State's Attorney to comment in argument on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fact that the stenographer was in court and was not called on to verify the statement, the fact being significant if the facts in the statement were true, and the witness if called being subject to cross-examination, while the paper was not.

17. CRIMINAL LAW, § 218*—*when State's Attorney not required to call all witnesses.* The State is not required to call all the witnesses alluded to in evidence on a criminal trial, if the State's Attorney doubts the integrity or veracity of such witnesses.

18. CONSPIRACY, § 51*—*when comment by State's Attorney on failure to call certain witnesses for defense proper.* On an indictment against an attorney at law for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, comment is proper by the State's Attorney in argument on the fact of defendant's failure to call certain witnesses shown by undenied evidence to have been in intimate relationship with him and to have acted as his agents in carrying out certain parts of the conspiracy, where it appears that such witnesses were in the control of defendant during the pendency of the civil trial and that defendant controlled some of them at a later date, it not appearing that defendant was unable to produce such witnesses.

19. CONSPIRACY, § 51*—*when State may comment on failure of defense to produce witnesses.* In both civil and criminal cases of conspiracy, it is proper to comment on the failure of witnesses shown to have aided in carrying out the conspiracy to testify, where it appears that defendant at one time controlled such witnesses, and where it does not appear that he could not have produced them at the trial.

20. CONSPIRACY, § 51*—*what does not constitute reference to failure of defendant to take stand in his own defense.* On an indictment for conspiracy, the allusion by the State's Attorney in argument to the fact that defendant failed to produce at the trial certain witnesses shown to have acted as defendant's agents in carrying out the conspiracy is not an infringement of section 6 of division 12 of the Criminal Code (J. & A. ¶ 4123), forbidding reference to the failure of defendant to take the stand in his own defense.

21. CONSPIRACY, § 51*—*when allusion by State as to failure to produce witnesses not objectionable as tending to shift burden of proof.* On an indictment for conspiracy, the allusion by the State's Attorney in argument to the fact that defendant failed to produce at the trial certain witnesses shown to have acted as his agents in carrying out the conspiracy is not objectionable as tending to shift the burden of proof.

22. CRIMINAL LAW, § 240*—*when State may comment on failure*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*of defendant to contradict witnesses for State.* The State's Attorney in a criminal case may properly comment on the fact that the testimony of witnesses for the prosecution, has not been contradicted, even though defendant alone is in a position to contradict or dispute such testimony.

23. CRIMINAL LAW, § 240*—*when State may comment on failure of defendant to contradict witnesses for State.* In a criminal case the State's Attorney may properly allude to defendant's failure to call witnesses other than defendant who could have contradicted or disputed the State's evidence, and who were in such intimate relationship with defendant as to justify the inference that he could and would have called such witnesses if the testimony for the prosecution had not been true.

24. CRIMINAL LAW, § 553*—*when improper reference by State in argument to acquitted codefendant harmless error.* On an indictment against an attorney at law and another for conspiracy to bring a civil suit without reasonable grounds and to prosecute it on false testimony, where the attorney's codefendant was acquitted, the reference by the State's Attorney in argument to the failure to call codefendant as a witness, was not harmful to the defendant attorney, even though not inadvertently made and corrected before objection.

25. CONSPIRACY, § 50*—*when legal presumptions and evidence as to good character of defendant not conclusive as to defendant's innocence:* On an indictment for conspiracy, legal presumptions and evidence of good character of defendant, although valuable as evidence, are not conclusive of defendant's innocence as against positive, undenied evidence of an incriminating nature not improbable of itself and capable of being denied if not true.

26. CONSPIRACY, § 53*—*when questions of whether legal presumptions and evidence create reasonable doubt as to guilt for jury.* On an indictment for conspiracy, the question whether legal presumptions and evidence of defendant's good character are sufficient to create a reasonable doubt of defendant's guilt as against undenied positive evidence of an incriminating nature, not improbable in itself and capable of being denied if not true, is for the jury.

## On Rehearing.

CRIMINAL LAW, § 491*—*when rehearing denied on points not argued.* In the absence of exceptional circumstances or a showing that would materially affect the merits of the main controversy as to the guilt of plaintiff in error, or that manifestly a great injustice has been done, a rehearing of the case on points not before

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Donahoe, 198 Ill. App. 1.

argued or specifically called to the attention of the court should be denied.

Error to the Criminal Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed February 1, 1916. Rehearing denied and additional opinion filed March 31, 1916.

JAMES HARTNETT, for plaintiff in error.

MACLAY HOYNE, for defendant in error; HAYDEN N. BELL and MARVIN E. BARNHART, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

The indictment in this case charged a conspiracy between plaintiff in error, Donahoe, one Stiefel, one Aileen Heppner and persons unknown having among other objects the defamation of one Clarence S. Funk. The several objects charged in different counts were to be effected by bringing and prosecuting, if necessary, a civil suit by one John C. Henning against Funk, charging the latter with having debauched and carnally known Josephine Henning, the former's wife. That there was an indictable offense charged is not open to question.

The gist of the case as made out at the trial was that pursuant to such a conspiracy the suit was knowingly and corruptly planned, instituted and prosecuted without foundation and on false testimony to promote one or more of the various objects set forth in the indictment, which, so far as the questions here are concerned, need not be severally stated.

The specific points argued in plaintiff in error's brief are summarized under the contentions that there was (1) a denial of his privilege as an attorney; (2) admission of improper evidence; and (3) prejudicial remarks at the trial. Other contentions are made generally that he was denied constitutional rights and that the verdict and judgment are contrary to law, which are embraced in one or more of the foregoing points,

and that the verdict is contrary to the evidence and should have been directed by the court. But it was obviously a case for the jury, and as no instructions are complained of, their verdict should stand unless there was reversible error in one or more of the matters specifically discussed.

First, as to the question of privilege. The contention in effect is that because Donahoe was acting as attorney for Henning in said civil suit none of the proceedings therein involving his declarations and acts was admissible against him. The basis of the contention is the generally recognized right of an attorney to speak and act upon information furnished by his client, and the immunity afforded him in the exercise of such right. It is the privilege he may invoke in such actions as libel and slander when based on his words or papers used in the course of judicial proceedings. The principle and its application are well recognized. But we are aware of no case where it has been invoked or allowed as a shield to crime. Neither fulfillment of the lawyer's professional duty, nor protection of his client's legal rights nor the reason for the privilege requires or justifies any such application or perversion of its use. If the suit against Funk was brought by plaintiff in error, knowing there was no foundation therefor and intending if tried to prosecute it on false testimony, the mere fact that in so doing he exercised the offices of an attorney would not protect him from the revelation of every word and act in pursuance of the unlawful design. Besides, there was much undisputed evidence that the civil suit was not brought in good faith and that the relationship of attorney and client, on which the privilege invoked depended, did not in reality exist between Donahoe and Henning but that the latter was induced by the former merely to lend the use of his name and services to press for the benefit of others a false issue in which he had no personal interest and claimed no legal right.

Second.  As to claim of improper evidence.  Part of the evidence claimed to be inadmissible was that of proceedings had and testimony heard in the civil suit, which were received as proof both of means employed to carry out the conspiracy and to show one or more of its specific objects.  If they tended to show either they were unquestionably competent.  The law pertaining to conspiracy is too well established and known to require citation of authorities as to the materiality of any such evidence, whether direct or circumstantial, or declarations or overt acts designed to effect its accomplishment.

There being *prima facie* proof of an active part by plaintiff in error in a conspiracy to bring and prosecute such suit without reasonable grounds and on false testimony, the people were not limited to proof of the mere fact that the suit was brought and prosecuted, but were entitled to show every step in its prosecution to its final result, as a part of the means employed to consummate the conspiracy.  Whatever was said or done therein to advance the cause to a successful issue was a part of the *res gestæ*.  Conducting the trial to a verdict involved not merely proof and argument to support the charge but resistance to every effort made to defeat it, and thus made evidence for the defense in that suit relevant in this to characterize such resistance and the purposes beneath it.  Every step taken, every fact relied on, every word used in the trial became so inextricably connected with its purposes and the conspiracy charged, as to be inseparable from the conspiracy or the means exercised to carry it to fruition.  The trial as an entirety constituted such means, and hence any part of it was admissible to characterize plaintiff in error's attitude, motives, intent and purposes as related to the conspiracy or the means employed to carry it into effect.

The parts designated and argued as erroneously admitted in evidence consist of (1) depositions read by

the defense; (2) affidavits in support of defendant's motion to advance the cause for trial; and (3) testimony of defendant's witness Fortner. None of them was admitted to prove the alleged facts they contained, but as a part of the *res gestæ* as well as to give significance and interpretation to other related proceedings in the civil suit unquestionably competent to show the conspiracy or means employed to effect it.

The depositions showed, in substance, that Henning and his wife were living amicably and affectionately together at the very time the suit was commenced. Donahoe's legal firm had notice of and participated in the taking of them. There having been evidence in the instant case that Donahoe knew from the beginning that there was no basis for the charge that Mrs. Henning's affections were alienated, any efforts he made in the civil suit to induce the jury to believe to the contrary and thus to thwart the effect of the depositions rendered them competent to give significance to his acts, purposes and motives. The objection that they were introduced against plaintiff in error without opportunity to cross-examine the deponents was based upon an utter misconception of their relevancy as above explained.

The affidavits objected to set up, in substance, the falsity and unlawful purposes of the civil suit and reasons for their early exposure and Funk's speedy exoneration. They were material to give color and significance to Henning's opposing affidavit which appeared to have been instigated and used to defeat defendant's attempt to show his innocence and thus to further an object of the conspiracy.

Fortner's testimony set forth an interview with Henning after the suit was begun in which he admitted it was groundless. Donahoe's argument to the jury sought to impeach its effect. The introduction of evidence that he knew that Henning's admission was true rendered its materiality obvious. The specific objec-

tion that some parts of the interview were hearsay ignores the ground of its materiality, namely, its bearing on Donahoe's efforts to impeach its value in order to obtain a favorable verdict.

Some documents pertaining to the civil proceedings, like the clerk's wrappers, for instance, may have been incompetent as not part of the *res gestæ,* but were seemingly harmless in character. But as no other parts of such proceedings, than those already considered, are specifically discussed in plaintiff in error's brief, we shall not review them in detail, except to say of the verdict finding Funk not guilty, that if not a part of the *res gestæ,* it was material to explain evidence that immediately after its rendition Donahoe urged Henning's flight and concealment, a fact inconsistent with the institution or prosecution of the suit in good faith. It may be said generally, however, that as one of the main issues presented in the instant case was whether the civil suit was knowingly brought and prosecuted by plaintiff in error without reasonable grounds and for unlawful purposes, every legal incident of the trial so set in motion would seem to be not only a part of the *res gestæ* but relevant as throwing light on the motives for his conduct both before and during the trial.

It is also urged as error that the court did not strike out a statement of the People's witness Deuter that he went to Donahoe's office about "the time Mr. Hines brought his one hundred thousand dollar suit against Mr. Funk." If error we do not think it such as to require a reversal.

Third. As to prejudicial remarks. The Assistant State's Attorney in his argument to the jury commented on testimony to the effect that Donahoe had induced some one in the State's Attorney's office to furnish him a transcript of Mrs. Henning's testimony before the grand jury that was offered in evidence in his behalf. The objection thereto was not to the right

to comment on the circumstance but that the State's Attorney wilfully misrepresented it. There does not appear to have been ground for any serious misunderstanding on the part of the jury.

Comment was also made on the failure of the defense to call certain persons as witnesses shown by the State's evidence to have acted as agents for Donahoe in carrying out certain parts of the conspiracy. None of them was named as defendant in the indictment. Each was shown, without any attempt at denial, to have carried communications or money from Donahoe to either Mr. or Mrs. Henning, or to have aided in keeping them in concealment while the civil suit was pending or otherwise in carrying out the conspiracy. If the testimony of Henning and his wife against Donahoe was not true, a great part of it could have been denied by such persons. And if what was offered by the defense as her statement to Donahoe taken down by and sworn to before Donahoe's office stenographer, Lamble, who was present in court in Donahoe's employ, was true, it was significant and a proper subject for allusion that he was not called to verify it. As the State's Attorney pertinently said, he could not cross-examine the paper but he could the witness. The People, though not required to call the parties so alluded to (*Carle v. People,* 200 Ill. 494), made proof of their inability to produce any of them except Lamble. After undenied proof of their intimate relationship with Donahoe, and his ability to control their services during the pendency of the suit, and later as to some, we see no error in the absence of any proof that he could not produce them, in alluding to their failure to testify. Such comment under such circumstances is permissible in criminal as well as civil cases. (*People v. McGarry,* 136 Mich. 316; *Commonwealth v. McCabe,* 163 Mass. 98; 1 Greenleaf on Evidence, sec. 195 b.) The allusion was no infringement of the statute which forbids reference to the failure of a de-

fendant in a criminal case to take the witness stand, nor tantamount to shifting the burden of proof. If as has been held by our Supreme Court the state's attorney has a right to comment on the fact that the testimony of witnesses for the prosecution has not been contradicted or disputed even though the defendant was the only person in a position to have disputed it (*People v. McMahon,* 244 Ill. 45; *Bradshaw v. People,* 153 Ill. 156), we fail to see why he may not go further and point out persons other than the defendant, shown by the evidence to have been in such a position and to have had such intimate relationship with the defendant as to justify the inference that he could call them and would have done so, if the testimony for the prosecution was not true.

In discussing the failure of the defense to call witnesses present when a statement was sworn to by the witness Slavin, the assistant state's attorney mentioned Stiefel, who was a codefendant with Donahoe and acquitted. Before objection was made he corrected himself saying he meant "Ahern," one of the parties so present. There was no pretense that Donahoe was among those present on the occasion being discussed. The reference not being to his failure to testify or capable of such construction, it did not so far as he was concerned come within the inhibition of said statute. As it did no harm to Stiefel, who but for his acquittal might have complained of it, it is difficult to see how it did to Donahoe, to whom the allusion was not made.

We have carefully examined the record and plaintiff in error's argument and fail to find reversible error. His general legal propositions are unquestioned. But either their application is not apparent or their violation is not shown. No attempt at a direct denial of any specific incriminating facts was made. With the exception of a signed statement by the People's witness Slavin, and evidence bearing on

its authentication, and a signed statement by Mrs. Henning, both of which so far as helpful to plaintiff in error were expressly repudiated, and a copy of the latter's testimony before the grand jury, plaintiff in error relied wholly upon legal presumptions and evidence of his previous good character. Valuable as both are, they are not conclusive as against positive undenied evidence of an incriminating nature not improbable in itself and capable of denial if not true. Whether they were sufficient to generate a reasonable doubt of guilt was for the jury to say, and their verdict and the judgment thereon should stand in the absence of reversible error.

*Affirmed.*

PER CURIAM. In the petition for rehearing plaintiff in error, evidently recognizing the settled practice of Appellate Courts to regard as waived assigned errors not argued, asks leave and proceeds to discuss points not specifically argued nor alluded to in his brief or oral argument. Nearly one hundred pages of the petition are devoted to a discussion of them. We had previously denied a motion to file a "supplemental brief" made after our opinion was rendered, and would be warranted in striking the petition from the files. To reconsider the case on grounds other than those relied on and discussed in plaintiff in error's brief and argument without giving an opportunity for reply, would be manifestly irregular and unjust; and to reopen the case, after decision thereof on points discussed, to consider assigned errors not argued nor apparently deemed of sufficient importance to bring to our attention when the case was before us for consideration, would not only be unusual but encourage procedure of a speculative character. In the absence of exceptional circumstances or a showing that the new matters would materially affect the merits of the main

controversy as to plaintiff in error's guilt or that there has manifestly been a great injustice done, a rehearing of the case on points not before argued or specifically brought to our attention would be unjustified. On the points considered in our opinion, which covered each and every one argued, the petition presents nothing new or controlling. As to other points, it cannot be entertained further than to say that the indictment, discussed therein for the first time, contains at least some good counts. But neither it, nor a single instruction, nor several rulings on evidence to a discussion of which the petition is mainly devoted, were alluded to in the brief.

*Rehearing refused.*